UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT THOMAS,

                      Plaintiff,

              - against -

POLICE COMMISSIONER RAYMOND KELLY, et al.,

                      Defendants.

**OPINION AND ORDER**

**06 Civ. 5546 (RJH) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiff Robert Thomas ("Thomas") brings this *pro se* action against numerous defendants under 42 U.S.C. § 1983 for alleged civil rights violations.  On June 27, 2006, his application to proceed *in forma pauperis* was granted.  Pending before this Court is Thomas's application for appointment of counsel.  For the reasons which follow, Thomas's request for counsel is **GRANTED**.

## II.  DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.  However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles."  **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted).  The Court's first inquiry is whether plaintiff can afford to obtain counsel.  *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994).  If the Court finds that a plaintiff cannot afford

counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance."  **Hodge v. Police Officers**, 802 F.2d 58, 61 (2d Cir. 1986).  Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination.  **Id**. at 61-62.

Thomas satisfies the threshold requirements of indigence and merit.  The indigence requirement is met insofar as the same factors considered in granting him permission to proceed *in forma pauperis* establish his inability to afford counsel.  Thomas's complaint alleges various civil rights violations under 42 U.S.C. § 1983.  Specifically, he alleges that five police officers applied excessive force during his arrest on September 15, 2004, when they surrounded his vehicle, broke his window and pulled him out of the window, and beat him.  He sustained injuries to his wrist, which required twenty stitches; his head, which required ten stitches; and his lower back.  The defendants deny the allegations asserting any injuries sustained resulted from Thomas's own culpable or negligent conduct and that he provoked the incident.

In his application for counsel, Thomas maintains that he lacks the ability to litigate his case because he has a third grade education and can barely read or understand what he is reading.  In support of his contention, Thomas submitted an Inmate Progress Report from his teacher at Sing Sing Correctional Facility which indicates that his reading level is 3.3.  He further claims that his teacher has helped him write previous letters to the Court.  This Court finds that

Thomas's reading and writing abilities substantially hinder his ability to litigate this case. After careful review of Thomas's application, the Court finds that the presence of counsel will assist in reaching a just result. Accordingly, Thomas's application for counsel is **GRANTED**.

### III. CONCLUSION

The *Pro Se* Office shall add this action to the list of cases eligible for appointment of counsel, and attempt to procure counsel for Thomas in accordance with the *Pro Bono* Panel's procedures. If counsel cannot be appointment, Thomas shall litigate this action by proceeding *pro se*. Thomas is directed to contact the *Pro Se* Office for further assistance. All discovery shall be completed by **July 30, 2007**, and the final pretrial order shall be due on **August 30, 2007.**

**SO ORDERED this 27th day of March 2007**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge